UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUC QUY TRAN,

          Petitioner,

    v.

                                    Case No. 2:26-cv-1937-KCD-NPM

TODD LYONS, WARDEN
MATTHEW MORDANT, ACTING
SECRETARY MARKWAYNE
MULLIN, TODD BLANCHE,
GARRETT RIPA, FIELD OFFICE
DIRECTO  US IMMIGRATION
AND CUSTOMS ENFORCEMENT,
DEPARTMENT OF HOMELAND
SECURITY,

          Respondents,

                                      /

## **ORDER**

Petitioner Luc Quy Tran is a citizen of Vietnam with a final removal order following several criminal convictions. Immigration and Customs Enforcement ("ICE") apparently could not deport him at that time, so he was released on an order of supervision. After spending years living in the community under supervision, Tran was returned to immigration custody on December 9, 2025. He now seeks a writ of habeas corpus under 28 U.S.C. § 2241, asking this Court to order his immediate release. (Doc. 1.) For the reasons below, the petition is **DENIED WITHOUT PREJUDICE**.

## I. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## II. Discussion

Invoking the Fifth Amendment, Tran first claims he has been detained beyond the bounds of what substantive due process allows. (Doc. 1 at 15.) The statutory framework for removal works like this: when a noncitizen's removal order becomes final, like here, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

But as the Supreme Court explained in *Zadvydas v. Davis*, the authority to detain does not stretch into infinity. To avoid serious constitutional

2

problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. 678 (2001). And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Tran has been detained beyond the six-month presumptive window. Nevertheless, the Court is satisfied that the Government has shown a significant likelihood of removal in the near future. Immigration documents have been requested from Vietnam. And according to the unrebutted record, "[s]ince February 2025, all travel documents (TDs) that could be processed [from Vietnam] have been issued." (Doc. 11-2 at 3.) The Government also has a chartered flight to Vietnam scheduled for the end of this month should Tran's

3

documents be returned. Those facts are enough for the time being. But should July end and Tran remain in the United States, he can file a new petition.

For these reasons, Tran's habeas petition (Doc. 1) is **DENIED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions, and close the case.

**ORDERED** in Fort Myers, Florida on July 3, 2026.

Kyle C. Dudek
United States District Judge

4